**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| CARLOS DAVID CARIAS GUARDADO, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02559-SHL-atc |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) | |
|     Respondent. | ) | |

**ORDER GRANTING PETITION**

Before the Court is Carlos David Carias Guardado's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed May 15, 2026. (ECF No. 1.) Petitioner Carias Guardado unlawfully entered the United States on July 29, 2023, at age sixteen and was recently arrested by Immigration and Customs Enforcement ("ICE") officers somewhere in Tennessee. (Id. at PageID 2.) He challenges his mandatory detention without bond at the West Tennessee Detention Facility and treatment as an "arriving alien" as violative of the Immigration and Nationality Act and his constitutional rights. (Id. at PageID 3–6.)

On May 19, 2026, the Court directed Respondent Christopher Bullock to respond to the Petition in light of the Sixth Circuit's recent decision in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (ECF No. 6.) Respondent seeks to distinguish this case from Lopez-Campos. (ECF No. 7 at PageID 16.) According to Respondent, Petitioner "falls outside the scope of Lopez-Campos" because he was initially charged upon entering the United States in 2023 at a port of entry with "being an 'arriving alien.'" (Id. at PageID 16, 19.) In reply, Petitioner argues that he is not "subject to mandatory detention" because he is not presently an

"arriving alien" or "seeking admission" under 8 U.S.C. § 1225(b).  (ECF No. 9 at PageID 32.)

For the reasons stated below, the Petition is **GRANTED**.

## BACKGROUND

Carias Guardado is a citizen of Honduras who arrived at the United States-Mexico border in El Paso on July 29, 2023.  (ECF No. 7 at PageID 15–16.)  He presented himself at that border entry pursuant to a prescheduled "CBPOne" appointment, which he scheduled so that he could apply for admission into this country.  (Id.; ECF No. 9 at PageID 35.)  At the time, Petitioner was sixteen years old and accompanied by his parents and siblings.  (ECF No. 9 at PageID 38.)  Immigration officials served Petitioner with a Notice to Appear ("NTA"), charging him with being an "arriving alien" "not in possession of" valid immigration documents required by the Immigration and Nationality Act ("INA").  (ECF No. 7-1 at PageID 21.)  The NTA set an immigration hearing for him in Memphis, Tennessee, on December 13, 2023.  (Id.)

Simultaneously, immigration officials paroled Petitioner and his family into the United States interior.  He has lived here continuously since—he obtained work authorization, "has a job history, a church community," family members "with pending asylum cases," and a girlfriend who has "lawful status in the United States."  (ECF No. 9 at PageID 39.)  Petitioner has also previously "pursued asylum and related protection."  (Id.)

In March 2026, Petitioner was arrested by ICE under unknown circumstances.  Although Respondent relies on an ICE Form I-213 Narrative for the proposition that Petitioner was arrested for assault on March 22 by Memphis Police officers and then transferred to ICE custody four days later, the assault referenced in that form involves a different name: "CHIRINOS HURTADO."  (ECF No. 7-3 at PageID 29.)  There is no indication that Chirinos Hurtado is, in fact, the Petitioner at issue here.  This inconsistency, and the unexplained four-day gap between

March 22 and March 26, render the Form I-213's statements unreliable as to Petitioner. Regardless, Petitioner has been in Respondent's custody since March 2026, and has been denied a bond hearing, because Respondent purports to detain him under 8 U.S.C. § 1225(b). He filed the instant Petition on May 15, 2026. (ECF No. 1.)

## ANALYSIS

Petitioner seeks immediate release from Respondent's custody, arguing that his detention under 8 U.S.C. § 1225(b)(2)(A) violates the INA and his Fifth Amendment due process rights because, like the noncitizen petitioners in Lopez-Campos, he "is not now standing at a port of entry asking to be admitted." (ECF No. 9 at 35.) According to him, because his case is like Lopez-Campos, his detention is governed by § 1226(a), which allows bond hearings.

Respondent, acknowledging the Sixth circuit's holding in Lopez-Campos, 175 F.4th 713, argues that it "does not control the outcome of this matter." (ECF No. 7 at PageID 18–19.) His sole argument against applying Lopez-Campos here is that "Petitioner scheduled an appointment to arrive in the United States using the CBPOne mobile application, arrived at a designated port of entry, made application for admission, and was actively seeking admission," almost three years ago when he and his family arrived at El Paso. (Id. at PageID 19.) As a result, he asserts, Petitioner is unlike the Lopez-Campos petitioners, who spent a "significant time" in the United States interior and "resided within" the country "for years." (Id.)

First, Respondent's perfunctory argument that Petitioner is presently an "arriving alien," and, therefore, 8 C.F.R. § 1003.19(h)(2)(i)(B) precludes a bond redetermination here, fails. Petitioner may have been paroled in 2023, and he may be subject to ongoing "removal proceedings," but he was not "arriving" at the United States when, in 2026, he was arrested in Tennessee hundreds of miles from the border in Texas. 8 C.F.R. § 1003.19(h)(2)(i)(B)

3

(addressing custody and bond determinations).  And Petitioner's "mere presence in the United States" does not, by itself, render him an "applicant for admission" under § 1225(a)(1), because, to treat him as such would require a departure "from the ordinary meaning of 'applicant.'" Lopez-Campos, 175 F.4th at 728.

Second, Respondent's argument that Petitioner applied for entry in July 2023, was immediately charged, and then paroled into the country does not change the fact that Petitioner was released and has remained an interior resident since then.  Petitioner's 2026 arrest is not a continuation of the 2023 release.

More to the point, the issue is not whether Petitioner was an arriving alien who applied for admission once before, but, rather, the legality of the current detention initiated in March 2026.  And, like the petitioners in Lopez-Campos, Petitioner was detained indefinitely under 8 U.S.C. § 1225(b)(2)(A) without the possibility of a bond hearing, despite having lived for a "significant time . . . within the interior of the United States."  Lopez-Campos, 175 F.4th at 734. Respondent's argument is untenable, because it would collapse all noncitizens who appeared once before at a port of entry into the definition of "arriving alien," regardless of their physical location at the time of arrest and their duration of residence in the United States.  And Respondent presents no evidence that Petitioner was actively seeking admission at the time of his arrest in Tennessee.  As a result, 8 U.S.C. § 1226(a) applies to Petitioner's detention, and the discretionary bond provisions of that statute govern.

Given that § 1226(a) applies, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention."  Lopez-Campos, 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, he is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079,

4

2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").  Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

**CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED** to release Carias Guardado immediately.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 5th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE